UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br>GINN-LA ST. LUCIE LTD., LLLP, *et al.*,[1]<br><br>Debtors. | **CASE NO. 08-29769-PGH**<br>All Cases Jointly Administered<br><br>Chapter 7 |
| In re:<br>GINN-LA QUAIL WEST LTD., LLLP, *et al.*,[2]<br><br>Debtors. | (4 Cases Substantively Consolidated Under Lead Case No. 08-29769-PGH)<br><br>(3 Cases Substantively Consolidated Under Lead Case No. 08-29774-PGH) |
| DREW M. DILLWORTH, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD R. GINN III, et al<br><br>Defendants. | **ADV. PRO. NO. 10-02976-PGH** |

### DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE
### FOR TRIAL UNDER 28 U.S.C. § 157(d)

Defendants Lubert-Adler Group III, L.P., Lubert-Adler Real Estate Fund III, L.P.; Lubert-Adler Real Estate Parallel Fund III, L.P.; Lubert-Adler Capital Real Estate Fund III; Lubert-Adler Group IV, L.P., Lubert-Adler Real Estate Fund IV, L.P.; Lubert-Adler Real Estate

---

[1] The "Tesoro Debtors' Estates" (Nos. 08-29769-PGH, 08-29770-PGH, 08-29772-PGH, 08-29773-PGH) are substantively consolidated into Lead Case No. 08-29769-PGH. *See* D.E. 308/309. The "Tesoro Debtors," and the last four digits of their respective tax identification numbers are: (i) Ginn-LA St. Lucie Ltd., LLLP – 5632; (ii) Ginn-St Lucie GP, LLC – 0983; (iii) Tesoro Golf Club Condo., LLC – 4385; (iv) The Tesoro Club, LLC – 1917. *See* 11 U.S.C. § 342(c)(1).

[2] The "Quail West Debtors' Estates" (Nos. 08-29774-PGH, 08-29775-PGH, and 08-29776-PGH) are substantively consolidated into Lead Case No. 08-29774-PGH. *See* D.E. 34. The "Quail West Debtors," and the last four digits of their respective tax identification numbers, are: (i) Ginn-LA Quail West Ltd., LLLP – 2397; (ii) Ginn-Quail West Beach, LLC – 9142; and (iii) Ginn-Quail West GP, LLC – 6313. *See* 11 U.S.C. § 342(c)(1).

4331181-1

Parallel Fund IV, L.P.; Lubert-Adler Capital Real Estate Fund IV, L.P.; and Dean S. Adler (collectively, the "Lubert-Adler Defendants") and defendants ERG Enterprises, L.P. and Edward R Ginn III (collectively, the "Ginn Defendants" and together with the Lubert-Adler Defendants collectively the "Defendants") hereby file this *Motion to Withdraw the Reference Under 28 U.S.C. § 157(d))* (the "Motion") and request that the United States District Court for the Southern District of Florida (the "District Court") withdraw the reference of the above-captioned adversary proceeding for trial (the "Adversary") and in support thereof respectfully represent as follows:

I. **SUMMARY**

By this Motion, the Defendants move the District Court to withdraw the reference of the Adversary. For the reasons explained more fully herein, the District Court should grant the Motion pursuant to the permissive withdrawal provisions of 28 U.S.C. § 157(d) because this Adversary primarily involves the Trustee's attempt to recover damages for alleged breaches of fiduciary duty – matters which are not "core proceedings" as defined by 28 U. S. C. § 157(b). These allegations are governed by state law and arise exclusively out of alleged pre-petition conduct.

The Defendants have not filed a proof of claim in the above-captioned bankruptcy case. The Plaintiff has requested a jury trial, [D.E. 342] and the Defendants have not consented, and do not intend to consent, to a trial before the Bankruptcy Court judge. Therefore, the trial of all issues presented in the Adversary must take place before the District Court. Accordingly, and consistent with the Order of the District Court for the Southern District of Florida confirming that in non-core matters, the District Court will treat any order of the bankruptcy court as a proposed finding of fact and not a final order or judgment consistent with Article III of the U.S.

Constitution. Admin. Order 2012-25 (S.D. Fla. Mar. 27, 2012), the Defendants request entry of an order of the District Court withdrawing the reference of the Adversary Proceeding for purposes of trial.[3]

## II.    BACKGROUND

On May 10, 2010, the Trustee filed a complaint commencing the Adversary. [D.E. 1]. On June 22, 2010, the Trustee filed an amended complaint. [D.E. 10]. On August 11, 2010, the Trustee filed a second amended complaint (the "Second Amended Complaint"). [D.E. 39]. The first three complaints alleged claims arising under the Bankruptcy Code insofar as they sought recovery under 11 U.S.C. § 544 and 550 of the Bankruptcy Code.

On September 24, 2010, the Defendants moved to dismiss the Second Amended Complaint. [D.E. 76, 78.] On November 11, 2010, the Trustee responded to the Defendants' motions to dismiss the Second Amended Complaint. [D.E. 140]. A hearing was held on the respective Motions to Dismiss the Second Amended Complaint on November 18, 2010. [D.E. 151 (transcript)]. On December 10, 2010 the Bankruptcy Court granted the Defendants' Motions to Dismiss the Second Amended Complaint without prejudice and granted the Trustee 20 days to amend the Complaint. [D.E. 154].

On December 30, 2010, the Trustee filed a third amended complaint (the "Third Amended Complaint"). [D.E.163]. On January 19, 2011, the Defendants moved to dismiss the Third Amended Complaint. [D.E. 165, 174]. On February 11, 2011, the Trustee filed his opposition to the Motions to Dismiss the Third Amended Complaint. [D.E. 186]. On February 24, 2011, the Bankruptcy Court held a hearing on the respective Motions to Dismiss the Third Amended Complaint. [D.E. 213 (transcript)]. On April 18, 2011, the Court entered an order

---

[3] The Defendants reserve all rights to seek review of any rulings made by the Bankruptcy Court in advance of the trial of the Adversary Proceeding by the District Court.

3

4331181-1

granting in part and denying in part the various motions to dismiss, dismissing with prejudice the First Lien claims and the avoidance actions of the Trustee's Third Amended Complaint, but allowing the Trustee to file a Fourth Amended Complaint with respect to the Second Lien claims. [D.E. 232.]

On July 1, 2011, the Trustee filed a Fourth Amended Complaint (the "Fourth Amended Complaint") seeking recovery from the Defendants under two theories: (1) recovery under 11 U.S.C. §§ 544, 550 and applicable Florida Fraudulent Transfer law of alleged fraudulent transfers (the "Second Lien" claims), and (2) recovery under Georgia State Law for breach of fiduciary duty relating to the Credit Suisse loan transaction. [D.E. 268]. The Credit Suisse loan transaction closed on June 8, 2006, more than two years prior to the Debtors' December 23, 2008 petition date. On August 12, 2011, the Defendants moved to dismiss the Fourth Amended Complaint. [D.E. 285, 289]. On September 2, 2011, the Trustee filed his opposition to the respective Motions to Dismiss the Fourth Amended Complaint. [D.E. 306]. On October 4, 2011 the Bankruptcy Court held a hearing on the respective Motions to Dismiss the Fourth Amended Complaint. [D.E. 330 (transcript)]. On November 15, 2011, the Bankruptcy Court granted in part and denied in part the Defendants' Motions to Dismiss the Fourth Amended Complaint, dismissing with prejudice the claims brought under 11 U.S.C. § § 544, 550 and Florida Fraudulent Transfer law, but permitting the Trustee's claims for breach of fiduciary duty to go forward. [D.E. 334].[4]

On December 21, 2011 the Defendants' filed their respective Answers and Affirmative Defenses to the Fourth Amended Complaint. [D.E. 340, 341]. On January 3, 2012, the Trustee filed a Jury Demand. [D.E. 342]. On January 9, 2012, the Bankruptcy Court issued an amended

---

[4] The Court's November 15, 2011 Order also granted motions to dismiss filed by two other defendant groups referred to the "Investor Defendants" and the "Major University Defendants." [See D.E. 334 at n. 3 and 4].

4

scheduling order giving the parties until April 30, 2012 to timely request a withdrawal of the reference.  [D.E. 344].  On February 17, 2012, the Defendants filed respective Amended Answers and Affirmative Defenses.  [D.E. 357, 358].

### III.   THE DISTRICT COURT SHOULD WITHDRAW THE REFERENCE UNDER 11 U.S.C. § 157(d)

A district court may withdraw the reference to the bankruptcy court to hear an adversary proceeding "for cause shown."  *See* 28 U.S.C. § 157(d).  Although there is no statutory definition of "for cause shown," in determining whether such cause exists, courts in the Eleventh Circuit generally consider the following factors:

> (1) the advancement of uniformity in bankruptcy administration; (2) decreasing forum shopping and confusion; (3) promoting the economical use of the parties' resources; (4) facilitating the bankruptcy process; (5) whether the claim is core or non-core; (6) efficient use of judicial resources; (7) a jury demand and (8) prevention of delay.

*Frank v. Lake Worth Utils.*, Case No. 11-807734, 2011 U.S. Dist. LEXIS 70853, * 2-3 (S.D. Fla. June 30, 2011) (citing *Dionne v. Simmons (In re Simmons),* 200 F.3d 738, 742 (11th Cir. 2000) quoting *Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992 (5th Cir. 1985); *Holmes v. Grubman*, 315 F. Supp. 2d 1376, 1381 (M.D. Ga. 2004); *Control Center, LLC v. Lauer,* 288 B.R. 269, 274 (M.D. Fla. 2002)).

Notably, at least one court in the Eleventh Circuit has, in reliance on the Supreme Court's recent decision *Stern v. Marshall,* 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), held that notwithstanding the presence or absence of the above factors, when the underlying action alleges solely state law causes of action, withdrawal of the reference is appropriate under 28 U.S.C. § 157(d).  *See Small v. Seterus, Inc (In re Small)*, Adv. No. 11-00169, 2011 Bankr. LEXIS 5397 (Bankr. S.D. Ala. Nov. 22, 2011) *adopted by, reference withdrawn by Small v. Seterus, Inc (In re*

*Small)*, 2012 U.S. Dist. LEXIS 45814 (S.D. Ala. Apr. 2, 2012) (holding withdrawal of the reference was appropriate where underlying dispute solely involved six state law causes of action, including one for breach of fiduciary duty).

Whether one applies the multi-factor test described above or the reasoning of *Small* to the facts herein, withdrawal of the reference is appropriate (1) given the Trustee's demand for a jury trial; and (2) because the only claims remaining in the pending Adversary are non-core state law claims; they are based entirely on purported pre-petition breaches of fiduciary duties that are independent of, and precede the bankruptcy.

### 1.     The Trustee's Claims are Non-Core

The core versus non-core determination is considered the primary factor in determining whether to withdraw the reference. *See Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. N.Y. 1993) ("A district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn."); *Nukote Int'l, Inc. v. Office Depot, Inc.*, No. 3:09-0921, 2009 U.S. Dist. LEXIS 106702, at *16 (M.D. Tenn. Nov. 16, 2009) (That the action is non-core "tips the balance heavily in favor of withdrawing the reference.").

Core proceedings are those either "arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). A proceeding is "arising under title 11" or "arising in a case under title 11" if it invokes a substantive right provided by title 11 or, if, by its nature, it could arise only in the context of a bankruptcy case. *Continental Nat'l Bank of Miami v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1348-49 (11th Cir. 1999). Therefore, a proceeding is core if it either (i) invokes a substantive right provided by title 11 (*i.e.*, "arising under title 11") or (ii) is a proceeding that, by its nature, could arise only in the context of a bankruptcy case (*i.e.*, "arising

6

in a case under title 11"). 28 U.S.C. § 157(b)(2). The list of core proceedings in Section 157(b)(2) "are to be construed in light of the constitutional limitations that prompted their enactment." *Continental Nat'l Bank*, 170 F.3d at 1348 .

In this case the Trustee's remaining claims sound in tort – alleged pre-petition breaches of fiduciary duties. These claims are non-core. They do not involve substantive rights provided by the Bankruptcy Code, nor are they claims that arise only in the context of a bankruptcy case. *See Diamond Mort. Corp. v. Sugar*, 913 F.2d 1233, 1239 (7th Cir. 1990); *Togut v. RBC Dain Correspondent Services (In re S.W. Bach & Co.)*, 425 B.R. 78, 92-95 (Bankr. S.D.N.Y. 2010); *Welt v. Sasson (In re Dollar Time Group)*, 223 B.R. 237, 240 (Bankr. S.D. Fla. 2006) (holding that an adversary proceeding brought by a Chapter 7 trustee alleging breaches of fiduciary duty by the debtor's directors occurring two years prior to the bankruptcy filing were "noncore" proceedings in which a bankruptcy court could enter only proposed findings of fact and conclusions of law); *Official Committee of Unsecured Creditors v. Elkins (In re Integrated Health Services, Inc)*, 291 B.R. 615, 618 (Bankr. D. Del. 2003) ("The allegations of breach of fiduciary duty and waste of corporate assets are quintessential state law causes of action. The Adversary Proceeding is, therefore, a non-core proceeding."). *See also Bliss Technologies, Inc. v. HMI Industries, Inc. (In re Bliss Technologies, Inc.)*, 307 B.R. 598, 607-609 (Bankr. E.D. Mich. 2004) ("The Court finds persuasive the cases holding that a state-law breach of fiduciary duty cause of action, which is based on pre-petition conduct, does not, and constitutionally cannot, fit within [28 U.S.C. § 157(b)(2)(A) (matters concerning administration of the estate) or (O)(other proceedings affecting the liquidation of the assets)]."); *Hayim v. Goetz (In re Sol, LLC)*, 419 B.R. 498, 504-07 (Bankr. S.D. Fla. 2009).

In addition, the Bankruptcy Court has dismissed with prejudice all of the Trustee's arguably core claims. *See* D.E. 232 (dismissing with prejudice the Trustee's First Lien avoidance actions under §§ 544, 550 and the Florida Fraudulent Statute claims, but allowing the Trustee to file an amended claim with respect to the Second Lien claims), and D.E. 334 (dismissing with prejudice the Trustee's Second Lien claims but allowing the breach of fiduciary duty claims to survive).[5]

Even were the Trustee to argue that the Trustee's claims may enhance the Debtors' estates, that argument, even if true, does not transform the state law based claims into core matters. *See Stern v. Marshall*, *supra* (recognizing that a common law claim that merely has some bearing on a bankruptcy case must be heard by an Article III judge); *First Florida Bldg. Corp. v. Employers Ins. of Wausau (In re Shafer & Miller Indus., Inc.)*, 66 B.R. 578, 580 (S.D. Fla. 1986)("[A] state-created right to recover damages for breach of contract, even though such damages would ultimately enhance the debtor's estate, [does] not transform what is essentially a private right into a public right."). Any contrary result would eviscerate the distinction between core and non-core claims as almost every proceeding in which a debtor seeks relief for an alleged pre-petition claim would have an effect on the estate. *See Hayim*, 419 B.R. at 506 ; *In re Marill Alarm Sys.*, 81 B.R. 119, 123 n.8 (S.D. Fla. 1987) (recognizing that if courts conferred core jurisdiction on claims that could affect liquidation of assets of the estate, "virtually *any* claim which could increase the assets in the estate would entitle the bankruptcy court to ignore" recognized constitutional proscriptions); *see also, Nase v. TECO Energy, Inc.*, No. 09-7659, 2010 U.S. Dist. LEXIS 36409, at *10 (E.D. La. March 9, 2010); *SAI Administrative Claim &*

---

[5] The Trustee first filed a breach of fiduciary duty claim in the Fourth Amended Complaint.

*Creditor Trust v. Benecke-Kaliko AG (In re SAI Holdings Ltd.)*, No. 08-3036, 2009 Bankr. LEXIS 1523, at *17-18 (Bankr. N.D. Ohio Feb. 27, 2009).

Accordingly, the reference should be withdrawn for the trial of the Adversary Proceeding.  For all pre-trial proceedings, the Bankruptcy Court may submit proposed findings of fact and conclusions of law for *de novo* review by the District Court.  See 28 U.S.C. § 157(c)(1).

### 2. Withdrawal will Result in Increased Judicial Efficiency and Conservation of Resources Given the Trustee's Demand for a Jury Trial

Further, in addition to the fact that this proceeding involves wholly, or essentially, non-core matters requiring adjudication by the District Court, the Trustee has requested a jury trial. *See Granfinanciera S.A. v. Nordberg*, 492 U.S. 33, 46-47, 60 (1989).  The Lubert-Adler Defendants have not consented to a trial before the Bankruptcy Court and, therefore, the trial of all issues presented in the Adversary must take place outside of the Bankruptcy Court.

Also, "[a] demand for a jury trial in a non-core case can, in itself, provide sufficient cause to withdraw the reference." *Frank v. Lake Worth Utils.*, 2011 U.S. Dist. LEXIS 70853, at *3. (citing *In re Dreis & Krump Mfg. Co.,* No. 94 C 4281, 1995 U.S. Dist. LEXIS 1099, 1995 WL 41416, *3 (N.D. Ill. Jan. 31, 1995) and 28 U.S.C. § 157(e) (providing that bankruptcy courts may only hold jury trials 'if designated to exercise such jurisdiction by the district court and with the express consent of all the parties")).  Withdrawal of the reference in order to conduct the jury trial in a forum better suited for jury trials warrants a withdrawal of the reference. *See, e.g., Stettin v. Centurion Structured Growth LLC,* Case No. 11-60400, 2011 U.S. Dist. LEXIS 153674 (S.D. Fla. Dec. 19, 2011) (withdrawing the reference on account of a jury trial request and noting "[o]ne circumstance where courts have found good cause to withdraw a reference is where a

9

party has a right to a jury trial as to a pending issue and refuses, as it may, to have the bankruptcy court conduct the jury trial.")).

Here, the Trustee has requested a jury trial and the Lubert-Adler Defendants do not consent to the Bankruptcy Court conducting a jury trial. Accordingly withdrawal of the reference would be appropriate under this factor alone.

### 3. Forum Shopping

The Trustee was within his procedural rights to commence the Adversary in the Bankruptcy Court. However, the Lubert-Adler Defendants cannot be said to be forum shopping by requesting that the Adversary be heard by a court that (i) can conduct a jury trial, and (ii) has the constitutional authority to enter a final judgment in this Adversary. Thus, the objective of reducing forum shopping will not be advanced by denying the withdrawal of the reference.

### 4. Uniformity in Bankruptcy Administration will not be Undermined if the Reference is Withdrawn

Uniformity in bankruptcy administration will not be undermined if the reference is withdrawn because the underlying claims are not core claims but rather state law claims, which cannot be finally adjudicated by the Bankruptcy Court. By withdrawing the reference, the District Court would be advancing uniformity in bankruptcy administration concerning the proper "division of labor" between district courts and bankruptcy courts by having proceedings appropriate for decision by an Article III court heard by an Article III court. *Stern v. Marshall*, *supra*, Admin. Order 2012-25 (S.D. Fla. Mar. 27, 2012).

## IV. CONCLUSION

Due to the non-core nature of the remaining claims the Trustee's request for a jury trial, and recent Supreme Court authority regarding the requirement for Article III courts to adjudicate issues such as those presented in this proceeding, conservation of judicial resources would be enhanced by withdrawal of the reference over this Adversary Proceeding.

For the foregoing reasons, the Lubert-Adler Defendants respectfully request that the District Court enter an order withdrawing the reference of the Adversary to the Bankruptcy Court for purposes of the trial of the Adversary Proceeding.

## DESIGNATION OF RECORD

Pursuant to Local Rule 5011-1(B), the Lubert Adler Defendants designate the following portions of the record as reasonably necessary and pertinent to the District Court's consideration of this Motion:

1. D.E. 1 - Complaint (Entered: 05/10/2010)

2. D.E. 10 - Amended Complaint (Entered: 06/22/2010)

3. D.E. 39 - Second Amended Complaint (Corrected Version) (Entered: 08/12/2010)

4. D.E. 151 - Transcript of 11/18/2010 Hearing (Entered: 11/30/2010)

5. D.E. 154 - Order Granting Without Prejudice Lubert-Adler's And The Investor Defendants' Motions to Dismiss Trustee's Second Amended Complaint And Granting Trustee 20 Days Leave To Amend Complaint (Entered: 12/10/2010)

6. D.E. 163 - Amended Complaint *(Third)* (Entered: 12/30/2010)

7. D.E. 213 - Transcript of 2/24/2011 Hearing (Entered: 03/02/2011)

8. D.E. 232 - Order Granting-in-part-Denying-in-part Motions to Dismiss (Entered: 04/18/2011)

9. D.E. 268 - Fourth Amended Complaint (Entered: 07/01/2011)

10. <u>D.E. 330</u> - Transcript of 10/4/2011 Hearing. (Entered: 11/09/2011)

11. <u>D.E. 334</u> - Order 1) Granting The Major University Defendants' Motion to Dismiss And The Investor Defendants' Motion to Dismiss And 2) Granting-in-part And Denying-in-part The Lubert-Adler Motion To Dismiss And The Ginn Defendants' Motion to Dismiss (Re: # 289) (Entered: 11/15/2011)

12. <u>D.E. 342</u> - Jury Demand Filed by Plaintiff Drew Dillworth (Entered: 01/03/2012)

13. <u>D.E. 344</u> - Second Amended Case Management and Scheduling Order (Entered: 01/09/2012)

14. <u>D.E. 357</u> - Amended Answer and Affirmative Defenses to *Fourth Amended* Complaint Filed by ERG Enterprises, L.P., ERG Management, LLC, Edward R. Ginn III Revocable Trust dtd 9/14/2002, Edward R Ginn III. (Entered: 02/17/2012)

15. <u>D.E. 358</u> - Amended Answer and Affirmative Defenses to Fourth Amended Complaint Filed by Dean S. Adler, Lubert-Adler Capital Real Estate Fund III, L.P., Lubert-Adler Capital Real Estate Fund IV, L.P., Lubert-Adler Group III, L.P., Lubert-Adler Group IV, L.P., Lubert-Adler Real Estate Fund III, L.P., Lubert-Adler Real Estate Fund IV, L.P., Lubert-Adler Real Estate Parallel Fund III, L.P., Lubert-Adler Real Estate Parallel Fund IV, L.P. (Entered: 02/17/2012)

BERGER SINGERMAN LLP
Counsel to Lubert-Adler Management Co., L.P., Lubert-Adler Real Estate Fund III, L.P., Lubert-Adler Real Estate Parallel Fund III, L.P., Lubert-Adler Capital Real Estate Fund III, L.P., Lubert-Adler Real Estate Fund IV, L.P., Lubert-Adler Real Estate Parallel Fund IV, L.P., Lubert-Adler Capital Real Estate Fund IV, L.P., Ira M. Lubert, and Dean S. Adler
1450 Brickell Avenue, Suite 1900
Miami, FL 33131
Telephone:  (305) 755-9500
Facsimile: (305) 714-4340

By: */s/ Paul Steven Singerman*
    Paul Steven Singerman
    Fla. Bar No. 378860
    singerman@bergersingerman.com

- AND -

4331181-1

KLEHR HARRISON HARVEY BRANZBURG LLP
William A. Harvey
Rona J. Rosen
1835 Market Street
Philadelphia, PA 191103
Telephone: (215) 568-6060
Facsimile: (215) 568-6603
*Admitted pro hac vice*

SMITH MOORE LEATHERWOOD LLP
Counsel to Edward R. Ginn III and ERG Enterprises, L.P
525 N. Tryon Street, Suite 1400
Charlotte, NC  28202
Telephone: (704) 384-2600
Facsimile: (704) 384-2902

By: *s/ Lynn F. Chandler*
    Lynn F. Chandler
    (Florida Bar No. 946761)
    Email:  lynn.chandler@smithmoorelaw.com

- AND –

KOZYAK TROPIN & THROCKMORTON, P.A.
Counsel to Edward R. Ginn III, ERG Enterprises, L.P., and ERG Management, LLC
2525 Ponce de Leon, 9th Floor
Miami, Florida 33134
Telephone: (305) 377-0655
Facsimile: (305) 372-3508

By: *s/ Charles W. Throckmorton*
    Charles W. Throckmorton
    (Florida Bar No. 286192)
    Email:  cwt@kttlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of *The Defendants' Motion to Withdraw the Reference for Trial Under 28 U.S.C. § 157(d)* was served on this 30th day of April, 2012, via electronic transmission through the Court's CM/ECF system, upon all parties on the service list attached hereto as Exhibit "A."

By:   /s/  *Paul Steven Singerman*
           Paul Steven Singerman